UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| QIMING WANG,<br><br>     Plaintiff,<br><br>     v.<br><br>KRISTI NOEM, ET AL.,<br><br>     Defendants. | No. CV 25-983-E<br><br><br>ORDER RE MOTION TO DISMISS |

PROCEEDINGS

On February 5, 2025, Plaintiff filed a "Complaint for Declaratory and Injunctive Relief" against the Secretary of the United States Department of Homeland Security ("DHS"), the Acting Director of the United States Citizenship and Immigration Services ("USCIS"), and the Director of the USCIS California Service Center (together, "Defendants"). Plaintiff alleges that Defendants erred in connection with the denial of Plaintiff's I-539 Application to Extend/Change Nonimmigrant Status, in asserted violation of the Administrative Procedure Act ("APA"), 5 U.S.C. section 500, et seq.

///

///

On April 25, 2025, Defendants filed a "Motion to Dismiss, etc." pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). On May 28, 2025, Plaintiff filed an "Opposition, etc." On June 16, 2025, Defendants filed a "Reply, etc."

## LEGAL STANDARDS

I. **Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(1)**

A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction "may be facial or factual." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004), cert. denied, 544 U.S. 1018 (2005) (citation omitted). In determining the issue of subject matter jurisdiction, the Court "may properly look beyond the complaint's jurisdictional allegations and view whatever evidence has been submitted to determine whether in fact subject matter jurisdiction exists." Adler v. Federal Republic of Nigeria, 107 F.3d 720, 728 (9th Cir. 1997) (citation and internal quotations omitted); see also Petty v. Shojaei, 2013 WL 5890136, at *12 n.14 (C.D. Cal. Oct. 31, 2013) (court may rely on declarations submitted with a Rule 12(b)(1) motion without converting the motion into a motion for summary judgment). Because Defendants rely on evidence outside the Complaint, Defendants' jurisdictional challenge appears to be factual. "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." Savage v. Glendale Union High Sch., Dist. No. 205, Maricopa County, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003), cert. denied, 541 U.S. 1009 (2004).

///
///
///
///

II. **Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6)**

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation and quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

The Court must accept as true all non-conclusory factual allegations contained in the complaint and must construe the complaint in the light most favorable to the plaintiff. Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 989 (9th Cir. 2009). "Generally, a court may not consider material beyond the complaint in ruling on a Fed. R. Civ. P. 12(b)(6) motion." Intri-Plex Techs., Inc. v. Crest Group, Inc., 499 F.3d 1048, 1052 (9th Cir. 2007) (citation and footnote omitted). However, the Court may consider "exhibits attached to the complaint and matters properly subject to judicial notice." Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (citation omitted); see also United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003) (court may "consider certain materials – documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice – without converting the motion to dismiss into a motion for summary judgment"). Thus, "when faced with a motion to dismiss in the APA context, a court may consider the administrative record and public documents without converting the motion into a motion for summary judgment." California v. Ross, 362 F. Supp. 3d 727, 735 (N.D. Cal. 2018) (internal quotations and citations omitted). The Court may not dismiss a complaint without leave to amend unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." Akhtar v. Mesa, 698 F.3d at 1212 (citation omitted).

///
///
///

**STATUTORY AND REGULATORY FRAMEWORK**

The Immigration and Nationality Act ("INA"), 8 U.S.C. section 1101 et seq., authorizes DHS and USCIS to allow certain classes of foreign nationals to enter the United States "for such time and under such conditions as the [Secretary of DHS] may by regulations prescribe."  8 U.S.C. § 1184(a)(1).  A foreign national "who seeks to enter the United States temporarily and solely for the purpose of pursuing" a "full course of study" at an approved academic institution may apply to USCIS for an F-1 nonimmigrant student visa.  See 8 U.S.C. § 1101(a)(15)(F)(i); 8 C.F.R. § 214.2(f)(1).  Following graduation, an F-1 student may extend an authorized stay by participating in the Optional Practical Training ("OPT") program, which allows a student to obtain temporary employment directly related to the student's major area of study.  See 8 C.F.R. § 214.2(f)(10)(ii).  Generally, a post-completion F-1 visa holder cannot exceed 90 days of unemployment during the first 12 months of OPT.  See 8 C.F.R. § 214.2(f)(10)(ii)(E).

The H-1B visa program permits employers to hire foreign workers on a temporary basis in specialty occupations.  See 8 U.S.C. §§ 1101(a)(15)(H)(i)(b), 1182(n).  An employer may file a petition with USCIS to classify a foreign worker as an H-1B nonimmigrant worker, see 8 U.S.C. § 1101(a)(15)(H)(i)(b); 20 C.F.R. § 655.700(a)(3); 8 C.F.R. § 214.2(h)(4)(iii)(B)(1).  If USCIS grants the employer's petition, the foreign worker then seeks a visa from a United States embassy or consulate abroad.  See 8 U.S.C. § 1202(c).  If the visa is granted, the foreign worker may apply for temporary admission to the United States to "perform services . . . in a specialty occupation."  8 U.S.C. § 1101(a)(15)(H)(i)(b); 8 C.F.R. § 214.2(h)(1)(i).

A person holding an F-1 or H-1B visa may seek to alter his or her immigration classification by filing an I-539 application to extend or change nonimmigrant status.  See 8 C.F.R. § 248.  The applicant bears the burden of establishing eligibility for the requested

change of status. See 8 U.S.C. § 1361; 8 C.F.R. § 103.2(b)(1). If the evidence initially submitted with the I-539 does not establish eligibility, "USCIS may: deny the benefit request for ineligibility; request more information or evidence from the applicant or petitioner, to be submitted within a specified period of time as determined by USCIS; or notify the applicant or petitioner of its intent to deny the benefit request and the basis for the proposed denial, and require that the applicant or petitioner submit a response within a specified period of time as determined by USCIS." 8 C.F.R. § 103.2(b)(8)(iii). A request for evidence ("RFE") or Notice of Intent to Deny ("NOID") will "specify the type of evidence required, and whether initial evidence or additional evidence is required, or the bases for the proposed denial sufficient to give the applicant or petitioner adequate notice and sufficient information to respond." 8 C.F.R. § 103.2(b)(8)(iv). If the evidence or information submitted in response to an RFE or NOID does not establish eligibility at the time the benefit request was filed, USCIS will deny the benefit request. See 8 C.F.R. § 103.2(b)(12).

### FACTUAL SUMMARY

The following summary is derived from the Complaint and the attachments thereto, including relevant portions of the administrative record. See Akhtar v. Mesa, 698 F.3d at 1212; Adler v. Federal Republic of Nigeria, 107 F.3d at 728. These matters are materially undisputed, except where otherwise indicated.

Plaintiff is a native and citizen of China (Dkt. 1, p. 3).[1] Plaintiff entered the United States in August of 2013 on an F-1 student visa to pursue a master's degree in electrical and computer engineering at the Illinois Institute of Technology ("IIT") (id., p. 7). Plaintiff graduated from IIT in May of 2015,

---

[1] The Court uses the ECF docket number and pagination when referring to documents filed by the parties.

and he received temporary authorization to remain in the United States to pursue OPT (id.).

From September of 2015 to March 8, 2016, Plaintiff reported to his Designated School Official ("DSO") and to USCIS that Plaintiff worked for the company Findream (Dkt. 1-6, p. 8). On December 29, 2015, Plaintiff filed a Form I-765 Application for Employment Authorization ("I-765") to request a replacement employment authorization card, which included a copy of an unpaid internship offer letter from Findream indicating that Plaintiff had commenced employment with Findream in August of 2015 (id., pp. 7-8). On July 1, 2016, Plaintiff filed another I-765 requesting an OPT extension, which included a Form I-20 Certificate of Eligibility, listing Findream as his employer from August 31, 2015, to March 31, 2016 (id., p. 8). On October 22, 2018, Plaintiff filed a nonimmigrant visa application with the Department of State ("DOS"), in which Plaintiff claimed that he had been employed by Findream as a "Software Engineer Intern" from August 31, 2015, to March 31, 2016, and that he had never sought to attain any U.S. immigration benefit by fraud (id., p. 9).

Plaintiff worked for Video Analytica, Inc., from April 1, 2016, until February 27, 2017 (id., p. 7). On February 28, 2017, Plaintiff began working for Last Word Consulting, Inc., which petitioned for and received an H-1B nonimmigrant worker classification for Plaintiff (id.).

In October of 2019, Plaintiff began working for Pluto TV Inc. ("Pluto"), which subsequently filed an application to extend Plaintiff's H-1B status (Dkt. 1, p. 17). On May 18, 2023, USCIS issued a Notice of Intent to Deny ("NOID") the petition filed by Pluto (the "May, 2023, NOID") (Dkt. 1, p. 17; Dkt.

1-4, pp. 36-47).  In support of its tentative decision, USCIS found the following:  (1) Findream was not a legitimate employer; (2) Plaintiff's "claim to have engaged in valid OPT employment with Findream [was] not credible and constitute[d] a misrepresentation of his employment history"; and (3) Plaintiff's misrepresentations regarding his OPT employment were willful, material, and made to procure an H-1B visa (Dkt. 1-4, pp. 39-46).  Pluto subsequently terminated Plaintiff's employment effective December 5, 2023, and withdrew the application to extend Plaintiff's H-1B status (Dkt. 1, p. 17; Dkt. 1-4, p. 49).  Plaintiff remained on nonimmigrant H-1B status until February 3, 2024, 60 days after his employment with Pluto terminated (Dkt. 1-4, p. 49).  See 8 C.F.R. 214.1(l)(2) (H-1B status remains valid for 60 days after termination of employment).

On or about February 2, 2024, Plaintiff filed an I-539 application to change from H-1B to F-1 status, based on his enrollment in another master's degree program (Dkt. 1, p. 17; Dkt. 1-6, p. 2).  On February 7, 2024, USCIS denied the I-539 for the same reasons outlined in the May, 2023 NOID (Dkt. 1, p. 17; Dkt 1-6, p. 3).

On April 18, 2024, Plaintiff filed a complaint in Wang v. Mayorkas, No. CV 24-3189-SPG(Ex), challenging the February 7, 2024 denial of the I-539.  On April 25, 2024, USCIS vacated its denial and reopened the I-539 (Dkt. 1, p. 18; Dkt. 1-6, p. 3).  Thereafter, the Court dismissed the complaint for lack of jurisdiction.  Wang v. Mayorkas, No. CV 24-3189-SPG(Ex), Dkt. 21, pp. 9-10.

On May 29, 2024, USCIS issued a NOID regarding the I-539, which outlined the basis for the agency's proposed denial and provided Plaintiff an

opportunity to submit evidence in rebuttal (the "May, 2024 NOID") (Dkt. 1, p. 18; Dkt. 1-2, pp. 2-17).  On November 27, 2024, having received and considered Plaintiff's rebuttal evidence and arguments, USCIS issued its final decision denying Plaintiff's I-539 ("November, 2024 Denial") (Dkt. 1, p. 19; Dkt. 1-6, pp. 2-16).  The decision indicated:  (1) Plaintiff was inadmissible pursuant to 8 U.S.C. section 1182(a)(6)(C)(i),[2] in that Plaintiff, by fraudulently or willfully misrepresenting a material fact, sought to procure or procured a visa or other immigration benefit (Dkt. 1-6, pp. 7-15); and (2) the application did not warrant a favorable exercise of discretion (id., pp. 15-16).

The USCIS found that Plaintiff knowingly made a material misrepresentation when he reported to USCIS and DOS in various applications that Plaintiff was employed by Findream from approximately August of 2015 through March of 2016 (id., pp. 5, 8-9).  USCIS stated:

> USCIS has obtained information establishing that you procured or attempted to procure employment authorization by presenting evidence indicating that you engaged in post-completion Optional Practical Training (post-completion OPT) and science, technology, engineering, or mathematics (STEM) OPT with Findream, LLC (Findream), a company that did not actually employ you, but provided you with false paperwork in order to appear to fulfill the requirements necessary to obtain the F-1 post-completion OPT and STEM OPT

(id., p. 5).  USCIS' findings were based, in part, on the 2019 federal criminal convictions of Findream, Sinocontech, LLC, and the

---

[2] 8 U.S.C. section 1182(a)(6)(C)(i) provides:
 Any alien who, by fraud or willfully misrepresenting a material fact, seeks to procure (or has sought to procure or has procured) a visa, other documentation, or admission into the United States or other benefit provided under this chapter is inadmissible.

8

companies' owner Kelly Huang, for conspiracy to commit visa fraud, in violation of 18 U.S.C. section 371. See <u>United States v. Huang and Findream</u>, 1:19-cr-00275 (N.D. Ill. 2020), Dkt. 1, 43. USCIS summarized the factual bases for Huang's plea agreement and concluded that Findream did not provide legitimate OPT employment to F-1 visa holders (<u>id.</u>, pp. 6-7). USCIS stated:

> In the plea agreement, Kelly Huang admitted the following facts:
>
> \*   Kelly Huang knew that the purpose of Findream and Sinocontech during the relevant time period was to provide fraudulent F-1 OPT employment for F-1 students in the United Sates. Kelly Huang provided F-1 students with a range of services in furtherance of the fraud, including offer letters, verification of employment letters, Training Plans for STEM OPT Students (Form I-983), payroll records, and Forms 1099-MISC tax documents, that purported to show that these F-1 students worked for Findream or Sinocontech. . . .
>
> \*   From September 6, 2013, through April 1, 2019, Kelly Huang falsely and fraudulently represented that at least 2,025 F-1 students were employed by Findream in OPT, when she knew that no F-1 students were employed at Findream. . . .
>
> The plea agreement states that the purpose of Findream/Sinocontech was to "provide fraudulent Optional Practical Training (OPT) employment for F-1 student visa holders, and H-1B employment visas for foreign nationals, in the United States."

(Id.).  USCIS also reviewed in detail Plaintiff's statements regarding his alleged employment at Findream and pointed out various inconsistencies in those statements (id., pp. 9-10).  USCIS determined that "the totality of the record does not provide sufficient evidence to show that [Plaintiff was] legitimately employed by Findream during the post-completion OPT period.  Rather, [Plaintiff's] statement confirm[ed] that [he] never received any work or training assignments from Findream during the relevant OPT period" (id., p. 10).  USCIS stated that Plaintiff's "claim to have engaged in valid post-completion OPT employment with Findream [was] not credible and constitute[d] a misrepresentation of [Plaintiff's] employment history" (id., p. 11).  USCIS found that Plaintiff's misrepresentations regarding his alleged employment with Findream were knowing, willful, material, and made to procure immigration benefits (id., pp 9-14).  USCIS concluded that Plaintiff was "inadmissible under INA § 212(a)(6)(C)(i)[3] and [was] ineligible for the requested change of status and extension of stay" (id., p. 15).

USCIS also determined that Plaintiff's I-539 application did not warrant a favorable exercise of discretion (id., pp. 15-16).  In making this determination, USCIS considered various positive factors, including Plaintiff's presence in the United States since 2013, commendable academic and professional record, successful maintenance of student-visa status prior to the purported OPT employment with Findream, a supportive reference from Plaintiff's employer at Pluto, and Plaintiff's otherwise valid employment history and successful maintenance of H-1B status (id., p. 15).  However, USCIS also considered negative factors, including Plaintiff's misrepresentations regarding his employment with Findream, failure to engage in qualifying employment during the period he claimed to be working for Findream, and

---

[3] INA section 212(a)(6)(C)(i) corresponds with 8 U.S.C. section 1182(a)(6)(C)(i).

failure to report an interruption of employment to the DSO at his academic institution even though Plaintiff assertedly was aware he had not engaged in OPT at Findream (id., p. 15).  After weighing the enumerated equities and the totality of the circumstances, USCIS determined that the adverse factors outweighed the positive factors, and USCIS denied Plaintiff's I-539 application as a matter of discretion (id., p. 16).

## DISCUSSION

### I. The Court Lacks Subject Matter Jurisdiction to Review USCIS' November, 2024 Denial of Plaintiff's I-539 Application.

Defendants contend the Court lacks jurisdiction to adjudicate Plaintiff's claims, which challenge certain aspects of the November, 2024 Denial (see Dkt. 20, p. 12).  Specifically, Defendants contend that the jurisdiction-stripping provisions in the APA, 5 U.S.C. § 701(a), and the INA, 8 U.S.C. section 1252(a)(2)(B)(ii), preclude judicial review of decisions expressly committed to the discretion of the Secretary of Homeland Security, including USCIS' decision to deny Plaintiff's I-539 application to change his nonimmigrant classification (id., pp. 12-16).  Plaintiff argues that these statutes do not apply because Plaintiff purportedly "is not fighting the denial of his I-539 application.  Rather, Plaintiff asks the Court to overturn Defendants' nondiscretionary legal decision that Plaintiff engaged in willful misrepresentation" (Dkt. 22, p. 13; see also id., pp. 15-22).  Plaintiff's arguments lack merit.[4]

///
///

---

[4]  The Court has read, considered and rejected all of the material arguments set forth in the Complaint and Opposition to the Motion to Dismiss.  The Court addresses Plaintiff's principal arguments herein.

11

The APA prohibits courts from reviewing agency decisions when a specific statute "preclude[s] judicial review" or where "agency action is committed to agency discretion by law." 5 U.S.C. § 701(a)(1) & (a)(2); see Dep't of Homeland Sec. v. Regents of the Univ. of California, 591 U.S. 1, 17 (2020) (citing Heckler v. Chaney, 470 U.S. 821, 831-32 (1985)). The INA provides that "no court shall have jurisdiction to review . . . any other decision or action" that is "specified" to be "in the discretion" of USCIS. 8 U.S.C. § 1252(a)(2)(B)(ii); see Bouarfa v. Mayorkas, 604 U.S. 6, 19 (2024); Patel v. Garland, 596 U.S. 328, 339 (2022).

USCIS denied Plaintiff's I-539 application pursuant to 8 U.S.C. section 1258 (see Dkt. 1-6, p. 2), which states:

> The Secretary of Homeland Security may, under such conditions as he [or she] may prescribe, authorize a change from any nonimmigrant classification to any other nonimmigrant classification in the case of any alien lawfully admitted to the United States as a nonimmigrant who is continuing to maintain that status and who is not inadmissible under [8 U.S.C. § 1182(a)(9)(B)(i)] . . . .

8 U.S.C. § 1258. In determining that this provision grants discretion, the Court relies initially on the plain language of the statute. See United States v. Williams, 659 F.3d 1223, 1225 (9th Cir. 2011), cert. denied, 566 U.S. 955 (2012) ("In statutory construction, our starting point is the plain language of the statute."); see also Bouarfa v. Mayorkas, 604 U.S. at 13-14 (examining the face of a provision of the INA first to evaluate whether it granted agency discretion). Section 1258 provides that the agency "may" authorize a change in status for a nonimmigrant, under such conditions as the agency "may" prescribe. This choice of words "clearly connotes discretion" by signaling that an authorization to change a nonimmigrant's status is optional rather than mandatory. See id. at 13 (quoting Biden v. Texas, 597 U.S. 785, 802 (2022)); see also Vega v. USCIS, 65 F.4th 469, 471 (9th Cir. 2023) ("The statute uses 'may' instead of 'shall' or 'must.' This permissive language 'brings along the usual

presumption of discretion.'"); Poursina v. USCIS, 936 F.3d 868, 871 (9th Cir. 2019) ("Congress's use of 'may' – rather than 'must' or 'shall' – brings along the usual presumption of discretion."); Brown v. California Dept. of Transportation, 321 F.3d 1217, 1223 (9th Cir. 2003) (statute's use of the word "may" indicated decision was discretionary).

Because agency decisions made pursuant to section 1258 are discretionary, the Court lacks jurisdiction to review the challenged aspects of the November, 2024 Denial. See 5 U.S.C. § 701(a); 8 U.S.C. 1251(a)(2)(B)ii; Awah v. Holder, 2010 WL 2572848, at *3 (D. Md. June 23, 2010) (court lacked jurisdiction to review denial of application to change or extend nonimmigrant status because agency's decision was discretionary under section 1258); Tomeh v. U.S. Dep't of Homeland Sec., 2007 WL 9725019, at *5, aff'd sub nom., Tomeh v. U.S. Dep't of Homeland Sec., 321 F. App'x 620 (9th Cir. 2009) ("[T]he decision to authorize a change in nonimmigrant classification pursuant to 8 U.S.C. § 1258 is discretionary and 8 [U.S.C.] § 1252(a)(2)(B)(ii) precludes judicial review of such a decision."); Del Castillo v. Dep't of Homeland Security, 2005 WL 2121550, at *3 n.6 (S.D. Tex. Aug. 30, 2005) ("Section 1258 confers discretion" and, therefore, "the exercise of that discretion renders decisions made pursuant to Section 1258 not reviewable pursuant to Section 1252(a)(2)(B)(ii)").

Plaintiff attempts to circumvent the jurisdictional bar imposed by 5 U.S.C. section 701(a) and 8 U.S.C. section 1252(a)(2)(B)(ii) by arguing that certain factual determinations in the November, 2024 Denial should be excised and considered separately as findings subject to judicial review (see Dkt. 1, p. 6; Dkt. 22, pp. 13, 15-21). As discussed below, such arguments cannot be reconciled with recent Supreme Court and Ninth Circuit decisional law.

In Patel v. Garland, 596 U.S. 328, 347 (2022) ("Patel"), the Supreme Court ruled that another jurisdiction-stripping provision of the INA, 8 U.S.C. section 1252(a)(2)(B)(i) (which is a companion to section 1252(a)(2)(B)(ii)), precluded judicial review of "facts found as part of discretionary-relief proceedings." The Ninth Circuit has since ruled that Patel's reasoning

"naturally extend[s] to facts underlying the discretionary decisions referred to in § 1252(a)(2)(B)(ii) as well." Magana-Magana v. Bondi, 129 F.4th 557, 567 (9th Cir. 2025) (citing Zia v. Garland, 112 F.4th 1194, 1200-01 (9th Cir. 2024)). "Patel makes clear that any underlying eligibility determination made in support of the ultimate discretionary decision is beyond judicial review. . . ." Zia v. Garland, 112 F.4th at 1200-01 (citing Patel, 596 U.S. at 347).

Here, USCIS found that Plaintiff had made willful and material misrepresentations regarding his OPT employment for the purpose of obtaining an immigration benefit. The USCIS determined that Plaintiff was inadmissible pursuant to 8 U.S.C. section 1182(a)(6)(C)(i) and, therefore, Plaintiff was ineligible for a change in nonimmigrant classification. Contrary to Plaintiff's arguments, this Court has no jurisdiction to review the "willful misrepresentation" finding because such finding was an "underlying eligibility determination made in support of the ultimate discretionary decision" and is, therefore, "beyond judicial review." See Zia v. Garland, 112 F.4th at 1200-01. To rule otherwise would defy controlling decisional law and open a decision-parsing exception to the jurisdiction-stripping rule wide enough to enable the exception potentially to swallow the rule.

II. **In Any Event, USCIS' November, 2024 Denial of Plaintiff's I-539 Application Did Not Violate the APA.**

When jurisdiction exists, a court may set aside a final agency action only if the decision was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). An agency acts in an arbitrary and capricious manner if it "has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." Motor Vehicle Mfrs. Ass'n of U.S.,

Inc. v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43 (1983) ("Motor Vehicle Mfrs. Ass'n"); see also Kazarian v. U.S. Citizenship & Immigration Services, 596 F.3d 1115, 1118 (9th Cir. 2010) (court may find agency abused its discretion "if there is no evidence to support the decision or if the decision was based on an improper understanding of the law") (internal quotation marks and citation omitted)).  An agency's decision is not arbitrary and capricious if the agency "considered the relevant factors and articulated a rational connection between the facts found and the choice made." Baltimore Gas and Elec. Co. v. Nat'l Res. Def. Council, Inc., 462 U.S. 87, 105 (1983).  A reviewing court cannot "substitute its judgment for that of the agency," Motor Vehicle Mfrs. Ass'n, 463 U.S. at 43, and the agency's decision "is entitled to a presumption of regularity," Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 415 (1971), abrogated on other grounds by Califano v. Sanders, 430 U.S. 99, 105 (1977).  Thus, agency findings must be affirmed "unless the evidence presented would compel a reasonable finder of fact to reach a contrary result." Monjaraz-Munoz v. I.N.S., 327 F.3d 892, 895 (9th Cir. 2003), amended, 339 F.3d 1012 (9th Cir. 2003) (emphasis in original).

Even if this Court had jurisdiction, Plaintiff's claims would fail as a matter of law.  The May, 2024 NOID discussed in detail the evidence submitted and the basis for USCIS' intended denial of Plaintiff's I-539 application (see Dkt. 1-2).  USCIS afforded Plaintiff an opportunity to respond to the May, 2024 NOID and to submit additional evidence (id., p. 2). Thereafter, USCIS issued the November, 2024 Denial, in which USCIS:  (1) reviewed the evidence and arguments before it; (2) weighed the positive and negative discretionary factors; and (3) concluded that Plaintiff did not "merit a favorable exercise of USCIS discretion" (Dkt. 1-6, pp. 15-16).  USCIS did not rely on improper factors, fail to consider an important aspect of the problem, or offer an explanation for its decision that was implausible or ran counter to the evidence.  See Motor Vehicle Mfrs. Ass'n, 463 U.S. at 43.  USCIS did not fail to consider the relevant factors or fail to articulate a rational connection between the facts found and USCIS' decision.  See Baltimore Gas and Elec. Co. v. Nat'l Res. Def.

Council, Inc., 462 U.S. at 105. Plaintiff essentially repeats the same arguments, based on the same evidence, that Plaintiff presented during the administrative proceedings. In the full context of the record presented, Plaintiff's evidence would not <u>compel</u> a reasonable finder of fact to reach a result contrary to the result reached by USCIS.

**ORDER**

For the reasons discussed above, the Motion to Dismiss is granted. Given the fundamental nature of the defects in the Complaint, it is absolutely clear that amendment would be futile. Therefore, Judgment shall be entered dismissing this action without leave to amend and with prejudice.

DATED: July 30, 2025.

_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE